UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILLIP JEROME GARDNER,

                Plaintiff,

    -against-                               07-CV-3982 (RJS)

ELI LILLY COMPANY, INC., THE
DEPT. OF MHU OF RIKERS ISLAND                  ANSWER
C-73, C-95 AND C-71; NIC
DOWNSTATE CORRECTIONAL
FACILITY; GREEN HAVEN
CORRECTIONAL FACILITY; ATTICA
CORRECTIONAL FACILITY;
BROOKLYN HOUSE MEN OF
DETENTSION,

                Defendants.
-----------------------------------------------------------X

Defendant Eli Lilly and Company ("Lilly") (improperly named as ELI LILLY COMPANY, INC.), by its attorneys, answers the Amended Complaint in this action as follows:

### I.    PARTIES IN THIS COMPLAINT

A.    Lilly denies knowledge or information sufficient to form a belief as to the identity and place of confinement of the plaintiff.

B.    Lilly admits that it has an address in Indianapolis, Indiana, and denies knowledge or information sufficient to form a belief as to the other defendants in this lawsuit.

### II.    STATEMENT OF CLAIM

A.    Lilly denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph II A of plaintiff's Amended Complaint.

1

B.     Lilly denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph II B of plaintiff's Amended Complaint.

C.     Lilly denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph II C of plaintiff's Amended Complaint.

D.     Lilly denies the allegations set forth in Paragraph II D of plaintiff's Amended Complaint except is without sufficient knowledge or information to form a belief as to the method in which plaintiff received Zyprexa.

### III.   INJURIES

Lilly denies the allegations in the statement of injury and specifically denies that plaintiff incurred an injury as a result of the ingestion of Zyprexa.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Lilly denies knowledge or information sufficient to form a belief as to the plaintiff's exhaustion of remedies as set forth in Paragraphs IV A through IV I of the Amended Complaint and all of the corresponding sub-parts.

### V.   RELIEF

Lilly denies the allegations in the statement requesting relief and specifically denies that plaintiff is entitled to any relief from defendant Lilly.

### VI.   PREVIOUS LAWSUITS

Lilly denies knowledge or information sufficient to form a belief as to the plaintiff's previous lawsuits as set forth in Paragraphs VI A through VI E of the Amended Complaint and all of the corresponding sub-parts.

## JURY TRIAL DEMAND

Lilly demands a trial by jury on all issues triable in this action.

## FIRST AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim upon which relief can be granted against Lilly.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, plaintiff's prescribing physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa.

## FOURTH AFFIRMATIVE DEFENSE

4. The injuries, damages, and losses alleged in the Amended Complaint, none being admitted, were caused in whole or in part by the negligence of the plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Lilly.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiff's failure to exercise reasonable care and diligence to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are preempted by federal law in that Zyprexa was researched, tested, developed, manufactured, labeled, marketed and sold in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## SEVENTH AFFIRMATIVE DEFENSE

7. Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the New York Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article 1, § 8 of the New York Constitution because Lilly's commercial speech regarding Zyprexa was neither false nor misleading.

## NINTH AFFIRMATIVE DEFENSE

9. Lilly alleges that plaintiff was fully informed of the risks of the use of the product made the subject of this action by the treating physicians, and the informed consent given by plaintiff is pleaded as an affirmative defense.

## TENTH AFFIRMATIVE DEFENSE

10. To the extent plaintiff makes a claim for punitive damages, it violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process

Clause of the Fourteenth Amendment of the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

h. The award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

      i. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### ELEVENTH AFFIRMATIVE DEFENSE

11. To the extent plaintiff makes a demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that FDA is charged under the law with regulating prescription drugs, including Zyprexa, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the plaintiff's Amended Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The injuries or damages allegedly sustained by plaintiff can be attributed to several causes and accordingly should be apportioned among the various causes according to respective contribution of each such cause to the harm sustained, if any. If any liability is found against Lilly, then said liability will constitute 50% or less of the

total liability assigned to all persons liable, and as such, the liability of Lilly to plaintiff for non-economic loss shall be limited, and shall not exceed Lilly's equitable share.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's failure to comply with Judge Keenan's Order dated May 11, 2007 should result in dismissal of plaintiff's Amended Complaint.

Lilly hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Amended Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be

awarded the costs, disbursements, and attorneys' fees in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

Dated:    New York, New York
          October 8, 2007

PEPPER HAMILTON LLP

By: *[signature]*
    Samuel J. Abate, Jr. (SA 0915)
    The New York Times Building
    620 Eighth Avenue
    New York, NY 10018
    (212) 808-2700

and

Nina M. Gussack
Matthew J. Hamilton
Charles J. Kocher
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
(215) 981-4000

Attorneys for Defendant
Eli Lilly and Company

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PHILLIP JEROME GARDNER,

                Plaintiff,

    -against-

ELI LILLY COMPANY, INC., THE
DEPT. OF MHU OF RIKERS ISLAND
C-73, C-95 AND C-71; NIC
DOWNSTATE CORRECTIONAL
FACILITY; GREEN HAVEN
CORRECTIONAL FACILITY; ATTICA
CORRECTIONAL FACILITY;
BROOKLYN HOUSE MEN OF
DETENTSION,

                Defendants.
-----------------------------------------------------------X

07-CV-3982 (RJS)

**AFFIDAVIT OF SERVICE**

The undersigned, being duly sworn, deposes and says that she is over the age of 18 years, and is not a party to this action.

    That, on the 5th day of October, 2007, the undersigned caused to be served the within ANSWER by first class mail upon:

    Pro Se Phillip Jerome Gardner
    #00-A-1955
    Sullivan Correctional Facility
    P.O. Box 116
    Fallsburg, NY 12733-0116

the addresses having been designated by said attorneys for that purpose, by depositing a true copy of same, securely enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

                                                    Marie Ramos

Sworn to before me this
5th day of October, 2007

_____
Notary Public

MICHAEL PALITZ
Notary Public, State of New York
No. 01PA6133474
Qualified in Westchester County
Commission Expires 9/19/2009